# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No. 15-3915

_____

IN RE TARGET CORPORATION CUSTOMER DATA SECURITY BREACH LITIGATION

MDL No. 14-2522 (PAM/JJK)

SAM A. MIORELLI,

                                                       Objector/Appellant

_____

Appeal by Objector from Order Granting Final Approval of Class Action Settlement, Judge Paul A. Magnuson

## CONSUMER PLAINTIFFS/APPELLEES' MOTION TO DISMISS NON-CLASS MEMBER SAM A. MIORELLI'S APPEAL FOR LACK OF JURISDICTION

Vincent J. Esades (MN# 249361)
David Woodward (MN# 018844X)
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Tel.: (612) 338-4605
Fax: (612) 338-4692

Consumer Plaintiffs/Appellees' Lead Counsel

(Additional counsel listed on signature pages)

109694

Pursuant to Rule of Appellate Procedure 27(a) and 8th Circuit Local Rule 47A, Consumer Plaintiffs/Appellees respectfully move the Court for an Order dismissing the appeal of Sam A. Miorelli for lack of jurisdiction due to the fact that Appellant Miorelli lacks standing as he is not a member of the Class.

## Grounds for Motion

1. On March 19, 2015, the United States District Court for the District of Minnesota, the Honorable Paul A. Magnuson, following briefing and a hearing, granted preliminary approval of the Settlement of the consumer actions in this Multidistrict Litigation arising out of the 2013 breach of data security at Defendant Target Corporation ("Target"). ECF No. 364. On November 17, 2015, the District Court, following briefing and a final fairness hearing held on November 10, 2015, issued its Memorandum and Order, which, among other things, granted Consumer Plaintiffs' Motion for Final Approval of Settlement. ECF No. 645. A copy of Judge Magnuson's Memorandum and Order is attached as Exhibit 1.

2. In the proceedings before the District Court, Appellant filed an objection to the Class Action Settlement and appeared at the final fairness hearing held on November 10, 2015. In granting final approval of the Settlement, Judge Magnuson found that Objector Miorelli is not a member of the Class. Mem. & Order 5 n.1, ECF No. 645 ("One of the objectors, Sam Miorelli, is not a member of the class, having used a payment card at Target just after the class period.").

3. On December 17, 2015, Appellant Sam A. Miorelli filed a Notice of Appeal from the District Court's Memorandum and Order (ECF No. 645).

4. The following facts of record support the District Court's finding that Objector/Appellant Miorelli is not a member of the Class.[1]

5. In his objection, memorandum and declaration dated July 31, 2015 (ECF No. 643-3), and at the fairness hearing on November 10, 2015 ( Hrg. Tr. 31:14-15), Appellant stated that he made a purchase using his credit card at a Target store in Orlando, Florida on December 16, 2013.

6. Appellant's purchase was made outside of the Target data breach period that is the subject of this litigation.

7. The class definition included persons whose credit or debit card information and/or whose personal information "was compromised as a result of the data breach that was first disclosed by Target on December 19, 2013." Order 2, ECF No. 364. The press release issued by Target on December 19, 2013, first

---

[1] The District Court certified the following Settlement Class:

> All persons in the United States whose credit or debit card information and/or whose personal information was compromised as a result of the data breach that was first disclosed by Target on December 19, 2013. Excluded from the class are the Court, the officers and directors of Target, and persons who timely and validly request exclusion from the Settlement Class.

Order Certifying a Settlement Class, Preliminarily Approving Class Action Settlement and Directing Notice to the Settlement Class 2-3, ECF No. 364.

announcing the data breach stated that credit and debit cards were impacted by the data breach between November 27, 2013 and December 15, 2013. Declaration of Consumer Plaintiffs' Lead Counsel Vincent J. Esades Ex. 3, ECF No. 358-3.

8. Consumer Plaintiffs' First Amended Consolidated Class Action Complaint alleged that Target had contained the breach by removing malware from its computer systems on December 15, 2013, except for transactions of 56 customers whose information was stolen between December 16 and 17, 2013 from one store registrar. Compl. ¶ 170, ECF No. 258.

9. In a declaration filed before the District Court, Target's counsel confirmed that the single-point-of-sale terminal that was still infected by the malware was located at a Target store in Midwest City, Oklahoma, that card data for transactions made by 56 customers between December 16 and 17, 2013, was stolen before Target disabled the malware at the single Oklahoma store terminal, and that "persons who claimed to have had their card information stolen on those dates at Target store locations other than Midwest City, Oklahoma, did not have their card information stolen in the data breach." Declaration of David F. McDowell ¶¶ 3-5, ECF No. 636.

10. The primary, on-line claim process for class members to use in submitting claims pursuant to the settlement provided the date range and made clear that to be eligible as a class member, a person must have made purchases at a

4

Target store between November 17 and December 15, 2013 (except for purchases made in Oklahoma by December 18, 2013). Declaration of Amy Lake Ex. C, ECF No. 615-3 (images of website claim processing screens).

11. The District Court's determination that Objector/Appellant Miorelli "is not a member of the class, having used a payment card at Target just after the class period," Mem. & Order 5 n.1, ECF No. 645, is supported by the above record evidence.

12. At the fairness hearing held on November 10, 2015, Appellant asserted that he is a class member based on the broad description in the class notices, stating that "[y]ou're a member of the class if," among other things, "you shopped at a Target store and used your credit or debit card from November 27 to December 18, 2013." Fairness Hrg. Tr. 30-33.

13. As Plaintiffs' Lead Class Counsel explained to the District Court at the fairness hearing, a class notice must be easily understandable. The notice expert advised that in drafting the class notices, including two separate time frames (separately addressing the December 16 or 17, 2013, purchases by 56 persons in Oklahoma) would be confusing and that broader language should be used comprehensively covering all class members, with information about the small subset of the affected Oklahoma persons addressed at the claims processing stage. Fairness Hrg. Tr. 41:4-42:9. That recommendation was implemented here to ensure

5

that the broad notice language would be easily understandable and that the claims submission process would automatically populate the applicable date ranges upon the person inputting his address and zip code. *Id.* The use of broad language in the notice was also appropriate because further specification of the date range was not feasible in view of the fact that the class certified by the District Court includes 1) persons who made card purchases at a Target store during the breach period and 2) persons whose personal information was compromised in the data breach (persons who may have provided their personal information to Target at indeterminate times before the data breach). *See* definition of Settlement Class, n.1 *supra*, and Order 2-3, ECF No. 364. The broad notice language reflected in the class notices covered all class members. As noted below, the District Court found that the class notices satisfied all of the requirements of Fed. Rule of Civ. 23(c) and (e) and due process.

14. The class was notified through an extensive notice program, consisting of direct notice, paid and earned media and an informational website. The class notices directed class members having questions or seeking more information about the settlement to the settlement's toll-free telephone number and dedicated website. The settlement website, www.TargetBreachSettlement.com, contained information and materials about the settlement, including the detailed class notice, claim submission and opt-out deadlines, answers to frequently asked questions, the settlement agreement itself and other significant case documents,

Appellate Case: 15-3915     Page: 6     Date Filed: 12/22/2015 Entry ID: 4349033

including plaintiffs' complaint. The District Court approved the notice plan and all class notices, finding that the notices "will constitute the best practicable notice to the Settlement Class," "are reasonable and constitute due, adequate, and sufficient notice" meeting the requirements of Fed. R. Civ. P. 23 (c) and (e), and "are written in plain language, use simple terminology, and are designed to be readily understandably by Class Members." Order 7, ECF No. 364; Mem. & Order 7, ECF No. 645 (finding that "[t]he notice here comports with Rule 23(e)").

15. As the District Court stated in granting final approval of the settlement and finding that the notice to the class satisfied Rule 23, "Rule 23(e)(1) requires that any notice of proposed settlement be directed in a reasonable manner to all class members who would be bound." Mem. & Order 7, ECF No. 645. Appellant Miorelli, as a non-class member, is not bound by the Settlement. The release contained in the Settlement Agreement releases claims relating to those "alleged or asserted in the Consumer Actions." Settlement Agreement ¶ 6.1, ECF No. 358-1. As discussed above, Consumer Plaintiffs' First Amended Consolidated Class Action Complaint alleged that Target had removed the hackers' malware from Target's computer systems on December 15, 2013, except for transactions of 56 customers whose information was stolen between December 16 and 17, 2013 from one store registrar. Compl. ¶ 170, ECF No. 258.

16. Indeed, like all class notices, those approved here by the District Court as satisfying all governing legal standards are never intended to, and cannot feasibly serve as a single or complete source of information. *See, e.g., Grunin v. Int'l House of Pancakes,* 513 F.2d 114, 122 (8th Cir. 1975) (stating that "the contents of a settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings,'" and that "[c]lass members are not expected to rely upon the notices as a complete source of settlement information") (citations omitted)*; Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999) (stating that "notice need only satisfy the broad reasonableness standards imposed by due process" and that "[i]t is well settled that the notice is not required to provide a complete source of information") (quotations and citations omitted). *Accord In re UnitedHealth Grp. Inc. Shareholder Derivative Litig.*, 631 F.3d 913, 918 (8th Cir. 2011) (stating that notice of settlement in shareholder derivative action "need not be a complete source of information about a settlement agreement, and shareholders are not permitted to rely on it as such" (quoting *Grunin*)).

17. At the fairness hearing held on November 10, 2015, Plaintiffs' Lead Class Counsel responded to Objector Miorelli's contentions concerning the class notice and reviewed the facts showing that Objector Miorelli is not a class

8

member. Hrg. Tr. 40-43. Again, in granting final approval of the Settlement, Judge Magnuson found that Objector Miorelli is not a class member. Mem. & Order 5 n.1, ECF No. 645.

18. The District Court nevertheless considered, evaluated and rejected all objections, including Objector Miorelli's objection. *Id.* at 4-7. Judge Magnuson noted that the objections constitute .0000103% of the class and that "[t]his infinitesimally small amount of opposition weighs in favor of approving the settlement." *Id*. at 5. The District Court concluded: "The Court has fully evaluated all of the objections to the settlement in light of the actual terms and benefits of the settlement, and finds that the objectors' objections do not merit rejection of the settlement." *Id.* at 7.

19. On December 8, 2015, Appellant Miorelli sent an email to Plaintiffs' Lead Class Counsel in which Appellant stated that he would settle his objection upon receipt of payment to him of millions of dollars. Declaration of Vincent J. Esades Ex. A, filed herewith.

## RELIEF REQUESTED

20. Consumer Plaintiffs/Appellees request dismissal of Appellant Miorelli's appeal on grounds that Appellant lacks standing, as he is not a member of the Settlement Class, and therefore this Court lacks jurisdiction over his appeal.

9

# ARGUMENT

21. The long-settled Article 3 standing requirements are injury, fairly traceable to the defendant's conduct, and redressable by a favorable ruling. *Clapper v. Amnesty Int'l, USA*, 133 S. Ct. 1138, 1147 (2013); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000).

22. A non-member of a class lacks standing to object to a class action settlement. *See*, *e.g.*, *Feder v. Elec. Data Sys. Corp.*, 248 F. App'x 579, 580 (5th Cir. 2007) (per curiam) (dismissing objector's appeal of district court order overruling his objection to class action settlement on ground objector failed to establish that he was a class member, reasoning that "only class members have an interest in the settlement funds, and therefore only class members have standing to object to a settlement" and that "[a]nyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing"); *Paterson v. Texas*, 308 F.3d 448, 451 (5th Cir. 2002) (holding that State of Texas lacked standing to object to settlement of a class action to which it was not a party, reasoning that "the State has not itself suffered an actual or imminent injury and can demonstrate no present interest in settlement funds," and dismissing appeal because standing is jurisdictional); *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) (affirming district court order overruling objection to class settlement on ground that objector

10

was not a class member, noting that "[t]he plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals. . . . We hold, therefore, that non-class members have no standing to object, pursuant to a Rule 23(e) notice directed to class members, to a proposed class settlement") (citation omitted).

23. A court of appeal lacks jurisdiction over an appeal by an appellant who lacks standing. *See*, *e.g.*, *In re UnitedHealth Group, Inc. Shareholder Derivative Litig.*, 631 F.3d at 916 (determining on motion to dismiss appeal that appellant who was not a named plaintiff and did not object before the district court in derivative action lacked standing to appeal settlement); *In re VMS Ltd. P'ship Sec. Litig.*, 976 F.2d 362, 366 n.7 (7th Cir. 1992) ("[S]ince we conclude that ERG lacks appellate standing, we have no jurisdiction over the appeal."); *Feder*, 248 F. App'x at 581 (stating: "[b]ecause [the objector] lacked standing to object to the settlement, he cannot now appeal the district court's ruling on his objection. Standing being jurisdictional, we DISMISS"); *Paterson*, 308 F.3d at 451 (noting that standing is jurisdictional and dismissing non-class member State of Texas' objection to class action settlement).

24. Appellant's demand for compensation to settle his meritless objection for which he lacks standing places Appellant in the category of professional objectors, which courts increasingly disfavor for public policy reasons. *See, e.g., In*

11

*re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11-MD-2247 ADM/JJK, 2012 WL 3984542, at *5 (D. Minn. Sept. 11, 2012) (stating that "[c]ourts treat with particular disapproval the objections and appeals of 'professional objectors,' whose objections amount to a 'tax that has no benefit to anyone other than to the objectors' but serves to 'tie up the execution of [a] Settlement and further delay payment to the members of the Settlement Class'" (citing *In re Checking Account Overdraft Litig.*, No. 1.09-MD-02036, 2012 WL 456691, at *2 (S.D. Fla. Feb. 14, 2012)); *In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 279 (D. Mass. 2007) (noting that "the class is likely to be damaged if the appeal is rejected and there are public policy reasons to prevent frivolous objectors from threatening to hold up class distributions").

25. Because, as demonstrated above, Appellant is not a member of the Settlement Class, he has not suffered any actual or imminent injury and cannot satisfy the requirements of standing. Because standing is jurisdictional, Appellant's appeal must be dismissed.

For the above reasons, Consumer Plaintiffs/Appellees respectfully request that the Court issue an order dismissing Appellant's appeal in its entirety.

Dated:  December 22, 2015          Respectfully submitted,

                                   s/ *Vincent J. Esades*
                                   Vincent J. Esades (MN# 249361)
                                   David Woodward (MN# 018844X)
                                   HEINS MILLS & OLSON, P.L.C.

310 Clifton Avenue
Minneapolis, MN 55403
Tel.: (612) 338-4605
Fax: (612) 338-4692
vesades@heinsmills.com
dwoodward@heinsmills.com

**Lead Counsel Consumer Cases**

E. Michelle Drake (0387366)
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel.: (612) 256-3200
Fax: (612) 338-4878
drake@nka.com

**Liaison Counsel Consumer Cases**

John A. Yanchunis
MORGAN & MORGAN COMPLEX
LITIGATION GROUP, PA
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 223-5402
jyanchunis@forthepeople.com

**Executive Committee - Coordinating Lead and Liaison Counsel**

Daniel C. Girard
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108
Tel.: (415) 981-4800
Fax: (415) 981-4846
DCG@girardgibbs.com

13

Ariana J. Tadler
MILBERG LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Tel.: (212) 594-5300
Fax: (212) 868-1229
atadler@milberg.com

Norman E. Siegel
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel.: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com

**Steering Committee Consumer Cases**

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2015, I electronically filed the foregoing document and associated Exhibit 1 with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that one of the participants in the case is not a CM/ECF user. I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following non-CM/ECF participant:

Sam A. Miorelli
764 Ellwood Avenue
Orlando, FL 32804

Date: December 22, 2015               s/ *Vincent J. Esades*
                                      Vincent J. Esades